

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-014-CR**
**NO. 2-09-015-CR**
**NO. 2-09-016-CR**


VICTOR GARCIA                                                APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Victor Garcia was charged by indictment with two offenses of attempted aggravated kidnapping and one offense of aggravated robbery. He waived his right to a jury trial and entered open pleas of guilty to each offense, and the trial court sentenced him to twenty years' confinement for each of the

------------

[1] *See* Tex. R. App. P. 47.4.

attempted aggravated kidnapping offenses and sixty years' confinement for the aggravated robbery offense. Garcia appeals. We will affirm.

Garcia's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave Garcia the opportunity to file a pro se brief, and he has filed one.[2]

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Garcia entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Garcia's plea, error that is not independent of and supports the judgments of guilt, and error

---

[2] The State filed a brief.

occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, counsel's brief, Garcia's brief, and the State's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[3] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: MEIER, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 15, 2009

---

[3] The points asserted in Garcia's brief regarding the voluntariness of his guilty pleas, the sufficiency of the evidence to support his guilt for the offenses, the ineffectiveness of trial counsel, and the legality of a police search are without merit and do not constitute arguable grounds for relief.

3